UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

    Plaintiff,

    v.                                           Case No. 22-cv-1475-bhl

MILWAUKEE COUNTY, et al.,

    Defendants.

## ORDER

    Plaintiff Travis Dickerson, who is currently confined at the Milwaukee County Jail and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. Dkt. Nos. 1-2. On January 18, 2023, the Court reviewed Dickerson's trust account statement and ordered him to forward to the Clerk of Court the sum of $30.24 as an initial partial filing fee in this case. Dkt. No. 11. Later, when Dickerson did not pay the initial partial filing fee by the February 17, 2023 deadline, the Court entered an order directing him to either pay the amount or explain why it had not been paid by March 3, 2023. Dkt. No. 13. On March 2, 2023, Dickerson responding with a letter explained that he has already spent the money that was previously in his account on other things (including two other lawsuits pending before this Court), and his mail and phone privileges were revoked pursuant to a state court order, so he is unable to contact his friends and family to ask for more money. Dkt. No. 14.

    Dickerson's explanation for why he has not paid the initial partial filing fee is inadequate to waive the filing fee. As noted in a previous order, Dickerson had the means to pay because he

received several $100.00 "JPAY deposits" into his account in the six-month period immediately preceding the filing of his complaint but he chose to spend his money on other things. *See Dickerson v. Anderson, et al..*, case no. 22-cv-1538-bhl, Dkt. No. 11. That choice does not entitle him to a waiver of the filing fee. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (overruled on other grounds). This is true even if some of that money was spent on other lawsuits pending in this Court. *See Lindell v. McCaughtry*, No. 01-C-209-C, 2004 WL 225074, at *1 (W.D. Wis. Jan. 23, 2004). Indeed, there is "no difference between plaintiff, who has chosen to spend 100% of his income on lawsuits, and an inmate who chooses to dispose of 100% of his income on canteen items shortly before filing a new lawsuit or appeal." *Id*. "He may be without assets from which to draw a new partial payment, but he does not lack 'means' with which to pay it." *Id*. Further, the fact that Dickerson cannot contact his friends and family to ask for more money, also does not change the analysis. Dickerson was reprimanded by a state court for conspiring with out-of-custody individuals to fraudulently post bail then flee prosecution of Milwaukee County Circuit Court Case No. 2016CF003972. *See Dickerson v. Milwaukee County et al*., case no. 22-cv-1432-bhl, Dkt. No. 17 at 2 & Dkt. No. 19-1. He must face the consequences of his actions, including not having the option of easily asking friends and family by mail or telephone for more money to proceed with this lawsuit. Because Dickerson's explanation does not justify a waiver of or excuse his obligation to pay the filing fee, the Court will dismiss this case for failure to pay the filing fee.

The Court notes that Dickerson's complaint fails to state a claim anyway. Dickerson complains that Milwaukee County and the Milwaukee County Jail failed to comply with various Department of Corrections regulations (specifically, those enumerated in §DOC 350.32) that required a religious worship schedule to be posted on his unit. Dkt. No. 1 at 2-4. But a violation of jail policy alone does not violate the constitution. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th

2

Cir. 2020). And there are no other allegations suggesting that anyone interfered with Dickerson's ability to practice his religion at the jail. Toward that end, Dickerson doesn't identify which religion he practices or how he was denied the right to practice that religion. Instead, his main gripe appears to be that he wishes to practice a religion while incarcerated but the jail did not provide him with enough information to help him choose a religion. For example, he states that there is no manual describing the religions, and when he filed a grievance asking to practice a religion, they told him "there's no central worship," *see id.* at 4, meaning he had to practice consistent with his own beliefs. The jail has no obligation to help Dickerson pick a religion; and there are no other allegations that he attempted to practice his religion but was denied the opportunity. The Court will dismiss this case and deny as moot his motions to appoint counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED** and this case is **DISMISSED** for failure to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (Dkt. Nos. 6, 7 & 12) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff must pay the $350 statutory filing fee. Accordingly, the agency having custody of Plaintiff shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is

transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

Dated at Milwaukee, Wisconsin on March 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

Case 2:22-cv-01475-BHL   Filed 03/16/23   Page 4 of 4   Document 17